IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BOBBY LEWAYNE THOMAS, )<br>Petitioner, )<br> )<br>v. )<br> )<br>RICK THALER, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>Respondent. ) | Civil No. 7:07-CV-177-O |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

Petitioner seeks to challenge the validity of his Hardeman County conviction for the offense of manufacturing a controlled substance, namely methamphetamine. Amended Petition ¶¶ 1 & 4; Respondent's Answer at p. 2; *State v. Thomas*, No. 3876 (46th District Court of Hardeman County, Texas). Upon his plea of not guilty, Thomas was tried by jury and found guilty. Amended Petition ¶¶ 3-6. His sentence, enhanced by a prior felony conviction, was assessed at twenty-five years in prison. *Id.* at ¶ 3; Respondent's Answer at p. 3; Transcript, Cause No. 3876 at pp. 126-129 (hereinafter "TR at p. ___"). Thomas's conviction was affirmed by the Seventh Court of Appeals on June 20, 2006. *Thomas v. State*, No. 07-05-0295-CR (Tex. App. – Amarillo 2006, no pet.). Thomas filed a *pro se* motion for rehearing which was overruled on August 23, 2006. *Ex parte Thomas*, No. WR-64,810-03, Event ID 2271048 at p. 181. He filed two state habeas applications attacking his conviction without success. *Ex parte Thomas*, App. Nos. WR-64,810-03 & WR-64,810-04.

In support of his petition, Thomas presents the following grounds for relief:

1. insufficient evidence, or no evidence, to support the conviction because the prosecution failed to prove beyond a reasonable doubt that he manufactured methamphetamine;

2. ineffective assistance of counsel at trial;

3. ineffective assistance of counsel on appeal;

4. error in the court's charge to the jury;

5. illegal and void sentence due to erroneous enhancement;

6. abuse of discretion by the trial court for refusing to charge the jury on a lesser included offense, and;

7. illegal search and seizure.

Amended Petition pp. 7-9; Memorandum in Support of Petition pp. 3-5. Respondent argues that the instant petition is barred by the one-year statute of limitations. Alternatively, Respondent argues that Petitioner is not entitled to habeas relief.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thomas's conviction was affirmed by the Seventh Court of Appeals on June 20, 2006. *Thomas v. State*, No. 07-05-0295-CR (Tex. App. – Amarillo 2006, no pet.). Thomas filed a *pro se* motion for rehearing which was overruled on August 23, 2006. *Ex parte Thomas*, No. WR-64,810-03, Event ID 2271048 at p. 181. Therefore, his conviction became final on September 22, 2006 when the time for filing a petition for discretionary review expired. See Tex. R. App. P. 68(a) (allowing 30 days after a timely motion for rehearing is overruled in which to file a petition for discretionary review.). Absent tolling of the limitation period, Thomas's deadline to file a federal habeas petition would have been one year later, on September 22, 2007.

A properly filed state habeas application will toll the running of the one-year statute of limitations. Thomas's first state habeas application was dismissed because his direct appeal remained pending. *Ex parte Thomas*, No. WR-64,810-03, Event ID 2271048 at Cover. Therefore, the first application was not properly filed and did not operate to toll the federal limitation period. *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004). Petitioner filed his second state habeas application on May 23, 2007.[1] The second application was denied without written order on August

---

[1] Petitioner's second state habeas application, No. WR-64,810-04, does not have a file-stamped date of filing. However, the Court has contacted the Hardeman County District Clerk and learned that the state application was received by the Clerk on May 23, 2007, which is the date of filing.

8, 2007. Therefore, this petition remained pending for 77 days. When 77 days are added to the one-year filing deadline of September 22, 2007, Thomas's new deadline for filing a federal habeas petition becomes December 8, 2007, which was a Saturday. Therefore, Petitioner had until Monday December 10, 2007 to file his federal habeas application.

The original petition was filed in the instant action on November 30, 2007. On December 11, 2007, the pleading was stricken from the record because Thomas had failed to sign the petition as required by Rule 11, Federal Rules of Civil Procedure. He was ordered to file an amended petition within 20 days. *See* Order at Doc. No. 9. Respondent relies on the date Thomas signed his amended petition, December 18, 2008, as the filing date.[2] Were the Court to adopt Respondent's argument, the instant petition would have been filed 8 days late.

Petitioner's original petition in the instant case was filed in a timely manner. The Court unfiled the petition and allowed petitioner 20 days in which to refile. Under the circumstances, the instant petition is not time-barred. *See Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). Therefore, the Court will address Petitioners grounds for relief on the merits.

The AEDPA provides in relevant part that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition).

-4-

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2007).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481,

485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g.*, 28 U.S.C. § 2254(d); *Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

In his first ground for relief, Petitioner claims that there was insufficient evidence, or no evidence, to support the conviction because the prosecution failed to prove beyond a reasonable doubt that he manufactured methamphetamine. Amended Petition ¶ 20.A; Memorandum in Support of Petition pp. 6-7 (hereinafter "Petitioner's Memorandum p. ___."). Specifically, Petitioner claims that the arresting officer and a narcotics agent, both of whom testified at trial, stated that they had no knowledge that Petitioner had manufactured methamphetamine. Petitioner's Memorandum in Support p. 5. He further argues that his fingerprints were not on any of the state's exhibits. *Id.* Respondent concedes that Petitioner's arguments are accurate. However, Respondent argues that there was testimony against Petitioner from his accomplice, Mark Davis, which serves as sufficient evidence to support the conviction.

When reviewing the legal sufficiency of the evidence, the Court must determine if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Pilon v. Bordenkircher*, 444 U.S. 1, 2 (1979) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Such review is "highly deferential to the verdict," as the jury is the judge of the facts, *United States v. Elashyi*, 554

F.3d 480, 491 (5th Cir. 2008), and it "is free to choose among all reasonable constructions of the evidence." *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995). The Court's review is "limited to whether the jury's verdict was reasonable, not whether [the court] believes it to be correct." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001). The review of the evidence is the same whether the evidence is direct or circumstantial. *Id.*

Petitioner was on trial for manufacturing a controlled substance, methamphetamine. The trial testimony against Petitioner is accurately summed up by Respondent as follows:

> The evidence reasonably demonstrates that on July 2, 2004, Thomas and Davis drove in Davis's car to an abandoned farm-house in Hardeman County, at approximately midnight. 10 SF 18, 81–83. They went to the farm-house (without the property owner's permission) with the specific intention of manufacturing methamphetamine. 10 SF 81. Thomas brought one of the components of the manufacturing process. 10 SF 81–82, 84. Thomas and Davis began manufacturing methamphetamine. 10 SF 81–85. At approximately 12:45 a.m., Deputy Patrick Laughery arrived in his patrol car, to investigate complaints that people were manufacturing methamphetamine at the farm-house. 10 SF 18, 35. Before Deputy Laughery observed them, Thomas and Davis entered the farmhouse with a container of "cooking" meth. 10 SF 37. Davis eventually exited the farm-house, and, after a physical altercation with Deputy Laughery, managed to escape. 10 SF 20–22. Thomas, however, remained inside of the farm-house for four-and-a-half hours, hiding inside a closet, despite exposure to the overwhelming and toxic smell of anhydrous ammonia. 10 SF 24, 27, 63. Thomas was eventually discovered, and arrested. 10 SF 40–41. Scientific testing established that the material in the house was methamphetamine, in an amount of 106 grams. 10 SF (State's Exhibit 14).

Respondent's Answer pp. 21-22. Given this testimony, a reasonable jury could find Petitioner guilty of manufacturing methamphetamine.

To the extent, if any, that Petitioner claims that there was no independent evidence against him other than accomplice witness testimony, he is not entitled to federal habeas relief. While state law requires accomplice testimony to be corroborated, there is no such constitutional requirement. *Brown v. Collins*, 937 F.2d 175, 182 n.12 (5th Cir. 1991). Therefore, even assuming that the

requirements of the accomplice-witness sufficiency rule were not satisfied, Petitioner would not be entitled to federal habeas relief. *See Id.*

At trial, the jury was charged that Mark Davis was an accomplice and they were given an instruction stating that accomplice testimony must be corroborated by other evidence tending to connect the defendant with the offense charged. *Ex parte Thomas*, No. WR-64,810-04, Event ID 2290763 at p. 121. Evidence other than Davis's testimony showed that Petitioner was found trespassing in an abandoned farmhouse where methamphetamine was being manufactured and that he hid from officers in the farmhouse for four and a half hours. 10 SF 18-28, 35-40.[3] The jury could have reasonably found that such evidence connected Petitioner with the offense charged. *See Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999) (corroborative evidence need only tend to connect the accused with the offense charged). Such reasonable inferences are resolved in favor of the jury's verdict. *E.g., United States v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994); *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985); *Cobb v. Wainwright*, 666 F.2d 966, 971 (5th Cir. 1982). Petitioner is not entitled to habeas relief on this ground.

In his second ground for relief, Petitioner alleges ineffective assistance of counsel at trial for the following reasons:

1. counsel failed to conduct a thorough investigation of the facts surrounding the charge and possible defenses;

2. counsel failed to adequately prepare for trial;

3. trial counsel failed to object to an illegal search and seizure or file a motion to suppress evidence;

---

[3] "SF" refers to the Reporters Record (Statement of Facts) from Petitioner's trial with the preceding number being the volume number and the following numbers being the page numbers.

      4.      counsel failed to request a mistrial or acquittal knowing that the jury convicted Petitioner as a "party" when the jury charge failed to mention law of parties in the application paragraph;

      5.      counsel failed to request a mistrial knowing that a witness against him, Mark Davis, testified under threat of criminal charges if he didn't testify a certain way;

      6.      counsel failed to challenge the jury charge even though two officers testified that they had no knowledge of Petitioner manufacturing a controlled substance, and;

      7.      counsel failed to attack the credibility of witness Mark Davis even though he knew Davis had five or six methamphetamine related charges pending.

Petitioner's Memorandum pp. 7-9.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered

sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

To obtain federal habeas relief on an ineffective-assistance-of-counsel claim under the AEDPA standard of review, a petitioner is required to demonstrate that the state court's decision on his ineffective assistance claim was contrary to, or an unreasonable application of, the standards set forth under *Strickland*. *Schaetzle v. Cockrell*, 343 F.3d 440, 443-44 (5th Cir. 2003).

Thomas's first two ineffective assistance claims, (1) counsel failed to conduct a thorough investigation of the facts surrounding the charge and possible defenses, and (2) counsel failed to adequately prepare for trial, are conclusory allegations. Thomas does not describe the nature of the investigation counsel should have undertaken, what such an investigation would have revealed, or what possible defenses would have been discovered. Similarly, Petitioner fails to describe the nature of trial preparation counsel should have undertaken. Because these claims are is conclusory in nature, they fail to state a ground upon which habeas relief may be granted. *See Ross v. Estelle*, 694

F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

In his next ineffective assistance claim, Thomas argues that trial counsel failed to object to an illegal search and seizure or file a motion to suppress evidence. Petitioner was found inside abandoned property owned by David and Steva Brinkerhoff. 10 SF 10, 20 & 24. Because Petitioner was not on property owned by him, he is not entitled to Fourth Amendment protections as to evidence seized on that property. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). The same rule applies to the vehicle belonging to his accomplice, Mark Davis. Thomas has failed to demonstrate any legitimate expectation of privacy as to the Brinkerhoff house or Davis's automobile. Therefore, a motion to suppress evidence on Fourth Amendment grounds would have been frivolous. Counsel may not be deemed ineffective for failing to file frivolous motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Next, Petitioner asserts that counsel was ineffective for failing to request a mistrial or acquittal knowing that the jury convicted Petitioner as a "party" when the jury charge failed to mention law of parties in the application paragraph. There is no evidence in the record of this case that Petitioner was convicted by the jury as a "party" rather than a primary actor. The fact that the charge did not instruct the jury on the law of the parties in the application paragraph is of no moment. There was sufficient evidence at trial to support a reasonable jury finding that Petitioner was a primary actor in committing the offense charged. Counsel cannot be deemed ineffective for making frivolous motions at trial. Moreover, the ground for relief is conclusory in nature and, as such, cannot serve as a ground for federal habeas relief.

Next, Petitioner claims that counsel was ineffective for failing to request a mistrial knowing that a witness against him, Mark Davis, testified under threat of criminal charges "if he didn't testify a certain way." Petitioner's Memorandum p. 8. In certain situations, the intimidation of a witness in a criminal trial by the government can rise to the level of a due process violation as to the defendant on trial. *United States v. Whittington*, 783 F.2d 1210, 1219 (5th Cir. 1986). However, where a prosecutor's actions are not designed to intimidate a witness, the prosecutor may engage in good faith efforts to prevent perjury at trial. *Id.* Where prosecutors do not harass or threaten a witness, the defendant's rights are not violated. *Id.*

In the instant case, Mark Davis testified that, while in jail, he signed a statement presented to him by Petitioner indicating that Petitioner had nothing to do with and had no knowledge of the crime for which Davis was arrested. 10 SF 91. Davis testified that he was harassed by Petitioner and signed the statement "to get him to shut up about it." *Id.* at 90. Davis further testified that, when he told the state's investigator that he would prefer to testify that he "couldn't remember anything about it," he was cautioned that lying could result in a perjury charge. *Id.* at 96. The prosecutor made sure that Davis understood that and asked him if he had testified truthfully, to which Davis replied "yes." *Id.* at 96-97. Under the circumstances, the prosecution's admonishment to Davis with regard to perjury did not rise to the level of a due process violation as to Petitioner. There is no evidence in the record that Davis was threatened with criminal charges by prosecutors unless he "testified a certain way." A prosecutor's good faith effort to secure truthful testimony does not result in the violation of a criminal defendant's right to due process. *Whittington*, 783 F.2d at 1219. Accordingly, Petitioner is not entitled to relief on this ground.

Next, Petitioner claims that counsel was ineffective for failing challenge the jury charge even though two officers testified that they had no knowledge of Petitioner manufacturing a controlled substance. Petitioner's Memorandum p. 8. This ground for relief is conclusory in nature and, as such, it must fail. Petitioner has not supported this claim with any basis upon which counsel could have objected to the court's jury charge or how counsel's alleged failure resulted in prejudice. As discussed earlier, there was sufficient evidence at trial to support Petitioner's conviction. Thomas is not entitled to relief on this ground.

In his final ineffective assistance claim, Petitioner alleges that counsel failed to attack the credibility of witness Mark Davis even though he knew Davis had five or six methamphetamine related charges pending. Petitioner's Memorandum p. 9. Other than Petitioner's bald assertion, there is nothing in the record of this case to indicate that Mark Davis had five or six pending methamphetamine charges or that counsel for Petitioner was aware of any such charges. At trial, testimony from Davis indicated that Davis was involved in manufacturing methamphetamine, that he had been arrested on a methamphetamine charge and that he entered a plea of guilty and was sentenced to twenty years in prison. 10 SF 82-87. Under cross-examination counsel for Petitioner did attacked Davis's credibility as a witness. 10 SF 87-100. Petitioner has failed to show that this claim of ineffective assistance has any basis in fact. Therefore, he is not entitled to relief.

In his third ground for relief, Thomas claims that he was denied effective assistance of counsel on appeal as evidenced by letters from counsel which Petitioner has provided to the Court. Petitioner's Memorandum p. 9.

In a claim of ineffective assistance of counsel on appeal, a petitioner must demonstrate both that "counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to

the defendant by the sixth amendment" and "that the particular lapse was prejudicial, meaning that there is a reasonable probability that but for the error the ultimate result would have been different." *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir. 1986). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be asserted on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). This is essentially the same standard set forth under *Strickland* for claims of ineffective assistance of counsel at trial.

The letters from counsel which have been provided by Petitioner (Doc. No. 15) indicate that, early on, after speaking with trial counsel, Petitioner's attorney on appeal believed there might be a meritorious ground upon which to obtain relief. However, after reviewing the trial transcripts, counsel determined that there was no meritorious issue for appeal. Such a decision on the part of appellate counsel, without more, does not constitute ineffective assistance of counsel on appeal. Petitioner has not shown that counsel's performance was deficient or that he was prejudiced by counsel's performance. Thomas has not shown that there was a non-frivolous issue for direct appeal. Therefore, he is not entitled to relief on this ground.

Petitioner next claims that there was error in the court's charge to the jury because the indictment alleged he committed the offense as a primary actor, but the court's jury charge included an abstract instruction on law of the parties and the application paragraph tracked the language of the indictment but failed to include an reference to the immediately proceeding general parties instruction. Amended Petition p. 7; Petitioner's Memorandum pp. 4 & 14-15. Petitioner argues that it was error on the part of the court for failing to include a law of the parties charge in the application

paragraph of the charge. Petitioner's Memorandum p. 15. As discussed earlier in the context of Petitioner's ineffective-assistance-of-counsel claim, there is no evidence in the record of this case that Petitioner was convicted by the jury as a "party" rather than a primary actor. The fact that the charge did not instruct the jury on the law of the parties in the application paragraph does not render the charge unconstitutional. There was sufficient evidence at trial to support a reasonable jury finding that Petitioner was a primary actor in committing the offense charged. Therefore, Petitioner cannot prevail on this ground for relief.

Thomas next claims that his sentence is illegal and void due to erroneous enhancement and a double jeopardy violation. Petitioner's Memorandum pp. 17-18. The second enhancement paragraph in Petitioner's indictment indicates that, on February 10, 1989 in the 46th Judicial District Court of Hardeman County, Texas, he was convicted for the felony offense of aggravated robbery. Review of the record in this case reflects that Petitioner entered a plea of "true" to the second enhancement paragraph of the indictment. 11 SF 61; TR at p. 128. The record further reflects that Petitioner was indeed convicted of the enhancement offense. 11 SF Exhibits pp. 3-6 (marked as pages101-104).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* When a habeas petitioner's factual allegations are refuted by his own testimony given under oath during his plea proceedings, he is not entitled to be heard on the new factual allegations absent corroborating evidence such as the affidavit of a reliable third person. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Sanderson*, 595 F.2d

1021, 1022 (5th Cir. 1979). "This result is necessitated by the interest of finality in the criminal process." *Sanderson*, 595 F.2d at 1022. Thomas has provided no corroborating evidence and his implied claim that he did not have a previous felony conviction, in the face of the record, is wholly incredible. Moreover, an objection to the use of a "prior invalid conviction for enhancement purposes" is waived when a plea of guilty is entered to the enhancement charged. *Scott v. Maggio*, 695 F.2d 916, 922 (5th Cir. 1983); *see Long v. McCotter*, 792 F.2d 1338, 1340 (5th Cir.1986). As previously discussed, the record reflects that Thomas enter a plea of guilty to the second enhancement paragraph of the indictment.

Thomas claims that counsel rendered ineffective assistance for failing to investigate the validity of his prior conviction. Petitioner's Memorandum p. 17. Because the record in this case establishes the fact that Thomas was previously convicted of the felony offense used for the purpose of sentence enhancement, counsel cannot be deemed ineffective for failing to investigate the validity of the conviction.

Thomas further argues that use of the prior conviction for enhancement purposes constitutes a double jeopardy violation. *Id.* at pp. 17-18. An enhanced sentence imposed on a defendant as a result of a prior felony conviction is not an additional sentence related to the prior offense. *Monge v. California*, 524 U.S. 721, 728 (1998). Rather, such an enhancement is a stiffened penalty for the latest offense resulting from repetitive criminal behavior. *Id.* Such a sentencing enhancement does not constitute a double jeopardy violation. *Id.* Therefore, Thomas is not entitled to habeas relief on this ground.

Petitioner next claims that there was error in the court's charge to the jury because the court denied his request for a charge on lesser included offense without giving any valid reason. Petition

p. 9; Petitioner's Memorandum pp. 18-19. Thomas has not identified the lesser included charge he claims to have demanded. *See id.* However, the record reveals that trial council requested a jury instruction on the lesser included offense of possession of methamphetamine which was denied. 10 SF 132. Petitioner raised this issue in his pro se brief on direct appeal. The Seventh Court of Appeals found no reversible error and determined that Petitioner's appeal was frivolous. *Thomas v. State*, No. 07-05-0295-CR (Tex. App. – Amarillo 2006, no pet.). Thomas has failed to establish that the state court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C.A. § 2254(d) (West 2011). Petitioner has further failed to demonstrate that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Therefore he cannot prevail on this ground for relief. Moreover, there is no constitutional right to a jury instruction on lesser included offense in a non-capital criminal trial in state court. *E.g., Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985).

In his last ground for habeas relief, Thomas claims that his conviction was the result of an illegal search and seizure. Petitioner's Memorandum pp. 20-21. He argues that police unlawfully entered private property without a warrant and without observing any criminal behavior which could have established probable cause. *Id.* As a general rule, state court evidentiary matters are a basis for habeas relief only where they render the entire trial fundamentally unfair. *Mullen v. Blackburn*, 808 F.2d 1143, 1145 (5th Cir. 1987). However, when a Fourth Amendment claim is involved, if the

state has provided an opportunity for full and fair litigation of the matter, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an illegal search or seizure was introduced at trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Where state court procedures provide meaningful mechanisms for deciding and reviewing such decisions and the petitioner's opportunity to contest the introduction of evidence is not circumscribed, federal courts have no authority to scrutinize a state court's application of Fourth Amendment principles. *Davis v. Blackburn*, 803 F.2d. 807, 808 (5th Cir. 1986); *Billiot v. Maggio*, 694 F.2d 98, 100 (5th Cir. 1982).

This Court takes judicial notice that the state courts of Texas permit motions to suppress evidence based upon unlawful searches and seizures. Although it does not appear that a motion to suppress items seized at the time of Petitioner's arrest was filed at trial, there is nothing in the record to suggest, and Petitioner makes no argument, that he was in any way precluded from raising such a challenge at trial. Thomas challenged the validity of the search and seizure in his state habeas application which the Court of Criminal Appeals denied without written order. *Ex parte Thomas*, No. WR-64,810-04, Event ID 2290763 at Cover. In Texas, when the Court of Criminal Appeals "denies" a petition for writ of habeas corpus rather than "dismissing" it, the grounds for relief are disposed of on the merits. *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Thus, the constitutional requirement of an opportunity to fully and fairly litigate the suppression issue in state court was satisfied and this Court is precluded from considering the merits of Petitioner's Fourth Amendment claim.

Upon review of the papers, pleadings and records in this case, the Court finds that Petitioner has failed to establish that the state courts' adjudication of his grounds for relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal

law, as determined by the Supreme Court of the United States. *See* 28 U.S.C.A. § 2254(d) (West 2007). Petitioner has further failed to demonstrate that the state courts' decisions were based upon unreasonable determinations of the facts in light of the evidence presented in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 15th day of February, 2011.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**